**KELLEY MANUFACTURING COMPANY, Appellant,**

v.

**LILLISTON CORPORATION, Appellee.**

No. 78–1700.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 3, 1979.

Decided Feb. 28, 1980.

Certiorari Denied Oct. 6, 1980. See 101 S.Ct. 216.

James M. Wetzel, Chicago, Ill. (John R. Crossan, Chicago, Ill., R. C. Howison, Jr., Henry S. Manning, Jr., Edward S. Finley, Jr., Joyner & Howison, Raleigh, N. C., on brief), for appellant.

William A. Marshall, Chicago, Ill. (Charles J. Merriam, Nate F. Scarpelli, Merriam, Marshall & Bicknell, Chicago, Ill., Edward Taylor Newton, William J. Ormsby, Jr., William H. Needle, Newton, Hopkins & Ormsby, Atlanta, Ga., Cyrus F. Lee, Connor, Lee, Connor, Reece & Bunn, Wilson, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WIDENER and MURNAGHAN, Circuit Judges.

PER CURIAM:

Appellant Kelley Manufacturing Company instituted this suit in the Federal District Court for Eastern North Carolina, seeking a declaration of invalidity, unenforceability and non–infringement of a patent held by appellee Lilliston Corporation on an apparatus employing gangs of rotary hoes for crop–cultivation. The patentee answered maintaining the patent's validity and counterclaiming for infringement by Kelley. After a jury–waived trial, the Court, in its Memorandum Decision of June 2, 1978, upheld the patent and found it to have been infringed by a machine manufactured and sold by Kelley. Kelley now appeals and we affirm.

The facts as found by the District Judge follow. Charles L. Lehman and Alvin H. Lehman were issued patent No. 2,994,387 (the '387 patent) on August 1, 1961 for a machine entitled "Cultivator" on their application of June 12, 1961. It was assigned to Lilliston Corporation later in 1961. During the pendency of this action, Lilliston became aware that the date of the first Lehman application for a patent relating to the cultivator (April 1, 1958) was not mentioned in the final application of June 12, 1961. Thereupon Lilliston applied for a reissue patent, which was granted as reissue No. 28,271 (the '271 patent), dated February 10, 1974 and incorporating April 1, 1958 as the effective date.

The implement to which the patent relates is a machine used for cultivating crops planted in parallel rows. The parties agree that all of the elements found in this machine were "old in the art" at the time of the patent's issue. Thus, the patent is a "combination patent" the validity of which depends on the inventiveness of the arrangement and adjustment of the old elements. The Kelley Manufacturing Co. began selling its allegedly infringing product in September, 1971.

■ We see the record as fully supporting the District Court's declaration that the Lilliston patent is valid and its rejection of Kelley's assertions, based on prior sale, anticipation and obviousness,[1] that the patent should not stand. Likewise, we find adequate evidence to justify the District Court's conclusion that, despite some differences in their structures, the crucial elements of the two cultivators are "substantially and functionally equivalent," and that the Kelley cultivator infringes on Lilliston's patent. We therefore affirm the lower court's disposition of both of these issues on the basis of its opinion. *Kelley Manufacturing Co. v. Lilliston Corp.*, No. 1295 Civ. (E.D.N.C. June 2, 1978).

Kelley argues strenuously that the District Court failed to address its defense of "intervening rights." Kelley claims that, when it began selling its cultivator in 1971, it did so in "the good faith belief" that it would not be liable for infringement. This belief rested on Kelley's awareness that the technical defect in Lilliston's '387 patent, its failure to adopt the earliest application date, could render the patent invalid because of a sale of the patented machine more than a year before the '387 patent's effective date. The subsequent reissuance of the patent to correct that defect, Kelley contends, should not subject Kelley to liability for the previous marketing of the infringing machine.

■ A court, in its discretion, may recognize the "intervening rights" of an infringer under the traditional, equitable doctrine now codified in Section 252 of Title 35 of the United States Code. The District Court apparently declined to do so here, and we find ample support in the record for this result. Kelley's admitted desire to take advantage of an easily remediable technical error in the Lilliston patent cannot be

---

1. Kelley correctly points out in this appeal that the District Court's opinion erroneously states that Kelley failed to ask its own expert witness whether the patent would have been obvious to him prior to 1958. A question to that effect was posed and Dr. Clark responded affirmatively. Transcript at 123–24. In view of the ample evidence supporting the Court's finding of nonobviousness, however, this inaccuracy does not undermine the Court's holding.

equated with the situation the doctrine obviously contemplates—infringement resulting from good faith reliance on the claims asserted in an earlier patent. *See, e. g., Wayne–Gossard Corp. v. Moretz Hosiery Mills, Inc.*, 539 F.2d 986, 989–91 (4th Cir. 1976). *Cf. Grant v. Raymond*, 6 PET 218, 243–44, 31 U.S. 218, 243–44, 8 L.Ed. 376 (1832) (Marshall, C. J.) (discussing policies favoring recognition of priority of reissued patents). At any rate, the doctrine has no application where the crucial claims of the reissued patent are substantially identical to those of the original patent, 35 U.S.C. § 252, as is indeed the case here.[2] Therefore, in affirming the decision of the District Court, we also affirm that Court's refusal to confer upon Kelley the benefit of the intervening rights defense.

In fine, the District Judge's Memorandum Decision and his other rulings are comprehensive, exhaustive and sound, and adopting them we render a judgment of affirmance. *Kelley Manufacturing Co. v. Lilliston Corp.*, No. 1295 Civ. (E.D.N.C. June 2, 1978).

Affirmed.

---

**2.** Kelley contends that the change in priority date constitutes the requisite change in the claims of the patent to justify its assertion of intervening rights. Although Section 252 could come into play to protect "[t]he equitable interests of any party who might have been misled

by a lack of notice of the . . . priority date" later established in the reissued patent, *Fontijn v. Okamoto*, 518 F.2d 610, 623 (Cust. & Pat. App.1975), the circumstances of this case do not call for the invocation of the doctrine.